IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr111-A |
| | ) | (WO) |
| LATOYA HAYES | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f)(2)(B), a detention hearing was held on May 5, 2005 in this case. For the following reasons, I conclude that the defendant should be detained pending trial.

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice. Defendant lied about two material matters to the pretrial services officer during her investigation on behalf of the court: (1) she said that she was employed by Genpak, but the employer denied her employment, and (2) four of the children whom defendant claimed to reside with her actually reside with others. Defendant also lied to the Montgomery County Community Corrections Program concerning her employment, and she appears to have falsely represented the number of dependents living with her to receive benefits.

In addition, defendant has a long list of felony convictions dating back to 1997. She was involved in a physical altercation which led to the present charges. After the altercation she took the car keys away from her opponent so that she could not leave the premises, and handed a firearm to her 15-year-old nephew. Two to three minutes later, the nephew shot

and killed a woman who had witnessed, and tried to break up, this fight.  Defendant possessed the weapon involved in the shooting although she had previously been convicted of multiple felonies.  Defendant has a history of previous gang activity.  After she was assaulted by a member of a rival gang, she searched with other gang members for the person responsible, and a 15-year-old was subsequently killed by someone in this group.  At some point, defendant left one of her children by the side of the road.  He was found by police, and placed with a relative.  Defendant has a history of probation violations, although the warrant appears to have been recalled with regard to all but one of the affected offenses.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.  Therefore, it is

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 9th day of May, 2005.

/s/ Susan Russr Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE